# IN THE COURT OF COMMON PLEAS
# CLARK COUNTY, OHIO

**COPY**

**'21 CV 0163**

| | | |
|---|---|---|
| GEORGE WAINSCOTT<br>3376 Sandalwood Avenue<br>Springfield, Ohio 45502 | ) ) ) ) | CASE NO. |
| Plaintiff and Class<br>Representative, | ) ) ) | JUDGE |
| v. | ) ) ) | **COMPLAINT** |
| SERVICE EXPERTS HEATING & AIR<br>CONDITIONING LLC, aka STEVENSON<br>SERVICE EXPERTS, dba STEVENSON<br>HEATING, AIR CONDITIONING &<br>PLUMBING<br>799 Spruce Drive<br>Beavercreek, Ohio 45434 | ) ) ) ) ) ) ) ) ) | **(WITH JURY DEMAND ENDORSED HEREON)** |
| Also Serve:<br>Statutory Agent:<br>Corporation Service Company<br>50 West Broad Street, Suite 1330<br>Columbus, Ohio 43215 | ) ) ) ) ) | |

MELISSA M. TUTTLE CLERK
COMMON PLEAS COURT
CLARK COUNTY, OHIO
2021 JUN 11 AM 10:59
FILED

1.  Plaintiff George Wainscott ("Plaintiff") brings this action for violations of Ohio's Home Solicitation Sales Act (the "HSSA") and Consumer Sales Practices Act ("CSPA") against Service Experts Heating & Air Conditioning LLC, registered in Ohio as a Stevenson Service Experts, and doing business in Southwest Ohio as Stevenson Heating, Air Conditioning & Plumbing ("Service Experts") and for fraud in the inducement against Service Experts arising out of an alleged ten-year lease agreement for a heat pump, furnace, hot water heater, and associated equipment (the "Agreement"). Upon information and belief, the violations committed by Service Experts apply to all customers of Service Experts and Plaintiff seeks to represent the class of those individuals and seek redress of those violations through this lawsuit on behalf of himself and others similarly situated.

## PARTIES, JURISDICTION AND VENUE

2. Plaintiff and Class Representative George Wainscott is an individual residing at 3376 Sandalwood Avenue, Springfield, Ohio in Clark County.

4. Service Experts Heating & Air Conditioning LLC is a foreign corporation headquartered in Richardson, Texas that operates as an HVAC installation and repair company around the country, including in Clark County, Ohio.

5. Jurisdiction and venue are proper in this court because Plaintiff resides in Clark County, Ohio, the contract at issue was executed on Clark County, Ohio and Service Experts conducted the activity that gives rise to Plaintiff's claims for relief in Clark County, Ohio.

## STATEMENT OF FACTS

6. In October 2019, Plaintiff purchased the single-family home located at 3376 Sandalwood Avenue, Springfield, Ohio (the "Property"). The size of the Property is approximately 1,300 square feet.

7. In September 2020, Plaintiff was in the market for a new furnace and hot water heater for the Property and contacted Service Experts.

8. On September 23, 2020, employees of Service Experts visited the Property and provided Plaintiff with an estimate for a new furnace, heat pump, hot water heater, and air purification devices (the "Equipment") in the Property. Plaintiff initially agreed to have Service Experts install the Equipment pursuant to the estimate. Plaintiff signed a document authorizing a credit check but did not sign any additional documents contained in the Agreement.

2

9. While Plaintiff's name appears on sales documents from Service Experts, it is type-written only and was not entered by Plaintiff. At no time was Plaintiff afforded the opportunity to review and agree to the terms of the sales documents.

9. Two days after Plaintiff was provided with the estimate for the Equipment, he changed his mind and contacted Service Experts to cancel the installation.

10. Plaintiff was informed by a Service Experts employee that he was not permitted to cancel the installation because the Equipment had already been ordered from a supplier.

11. On September 25, 2020, employees of Service Experts installed the Equipment.

12. The Agreement, a copy of which is attached hereto as <u>Exhibit A</u> shows that the initial cost of the heat pump, furnace, and associated equipment is $16,159.00, but that Plaintiff will have to pay $27,731.34 for those items over the ten-year life of the lease. Similarly, the Agreement shows the initial cost of the hot water heater as $1,798.00, but that Plaintiff will pay $4,139.46 for the unit over the ten-year life of the lease. Pursuant to the Agreement, Plaintiff will have no ownership interest in the Equipment at the end of the lease term.

## **CLAIM ONE**
## **Violations of the Ohio Home Solicitation Sales Act and Ohio Consumer Sales Practices Act by Service Experts**

13. Plaintiff restates and reasserts all of the allegations contained in Paragraphs 1-12 above as if fully rewritten herein.

14. Plaintiff is a "buyer" as defined by R.C. 1345.21(D).

15. Service Experts is a "seller" as defined by R.C. 1345.21(C).

3

16. Pursuant to R.C. 1345.21(B) "sale" includes a lease for the purposes of R.C. 1345.21 – 1345.28. The transaction that resulted in the Agreement is a "home solicitation sale" as defined by R.C. 1345.21(A).

17. Pursuant to R.C. 1345.21(B)(2) a completed form, in duplicate, captioned "notice of cancellation" is required to be "attached to the contract signed by the buyer and be easily detachable and shall contain in ten-point, bold-face type" information and statements informing buyer that they may "cancel this transaction, without any penalty obligation, within three business days," among other statutorily required language.

18. The Agreement presented to Plaintiffs did not contain a "notice of cancellation" as required by R.C. 1345.21(B)(2).

19. Pursuant to R.C. 1345.21(D)(1), no seller shall "fail to inform each buyer orally, at the time of signing the contract for the goods or service, of the buyer's right to cancel."

20. Service Experts failed to inform Plaintiff orally of his right to cancel.

21. Pursuant to R.C. 1345.28 "failure to comply with sections 1345.21 to 1345.27 of the Revised Code constitutes a deceptive act or practice in connection with a consumer transaction in violation of section 1345.02 of the Revised Code."

22. Service Experts has failed to comply with R.C. 1345.21(B)(2) and 1345.21(D)(1).

23 Service Experts failure to comply with R.C. 1345(B)(2) and 1345.21(D)(1) constitutes a deceptive act or practice pursuant to R.C. 1345.02.

24. Pursuant to R.C. 1345.03, Service Experts' failure to comply with R.C. 1345(B)(2) and 1345.21(D)(1) constitutes an unconscionable act.

25. Pursuant to R.C. 1345.09, Plaintiff is entitled to rescind the Agreement, economic damages and noneconomic damages, and an award of reasonable attorney's fees against Service Experts.

## CLAIM TWO
### Fraud in the Inducement by Service Experts

26. Plaintiff restates and reasserts all of the allegations contained in Paragraphs 1-25 above as if fully rewritten herein.

27. Plaintiff was induced by Service Experts to enter into the Agreement regarding the furnace through fraud and/or misrepresentation.

28. Service Experts misrepresented the terms and context of the Agreement.

29. Service Experts misrepresentations regarding the Agreement were material.

30. Plaintiff relied upon the material misrepresentations made by Service Experts to his detriment. Specifically, the Plaintiff was induced to enter into a contract wherein he would ultimately pay nearly double the original price for the already overpriced Equipment that he would not even own at the end of the term of the lease.

31. Plaintiff is entitled to damages, including punitive damages and attorney's fees as a result of Service Experts' fraudulent inducement to enter into the Agreement.

## CLAIM THREE
### Class Action against Service Experts

32. The damages suffered by Plaintiff and Class Representative George Wainscott are identical to damages suffered by other customers of Service Experts that have leased HVAC equipment without being afforded their rights pursuant to the HSSA and CSPA.

5

33. Plaintiff brings this case on behalf of himself, and all similarly situated individuals for redress of the violations of his rights and the violations of the rights of those similarly situated granted by the HSSA and CSPA.

34. The Class shall be defined as: *All individual residents of Ohio that leased HVAC equipment from Service Masters since January 1, 2011, and were not provided with verbal notification of their right to cancel, were not provided with the proper Notice of Cancellation form, and/or whose cancellation requests were denied by Service Masters.*

35. The identities of the Class will be easily ascertained from Service Masters sales records. Plaintiff and undersigned Counsel do not envision any difficulties in the management of this Class Action.

36. The interests of Plaintiff and all other members of the Class are aligned.

37. Plaintiff is a member of the Class, and his claims are typical of the claims that members of the Class may assert against Service Experts.

38. Plaintiff will fairly and adequately protect the interests of the Class members and undersigned Counsel will consult with experienced class action counsel.

39. Common questions of law and fact and common defenses predominate over individual questions or defenses affecting only individual members of the Class. The issues to be decided primarily involve questions of law and are not overly fact specific. Common questions that easily can be decided in this Class Action include whether Service Masters adequately verbally informs Class members of their right to cancel pursuant to the HSSA and CSPA; whether Service Experts provides the appropriate Notice of Cancellation form to Class members; whether Service Experts honors cancellation requests made by Class members.

40. A class action is superior to other available methods for the fair and efficient prosecution of this case. Certification of the Class will permit a single Court to resolve these issues in a unified and expeditions manner.

41. This case will focus on the conduct of Service Experts and involves a common course of conduct and common sales documents. By establishing violations of the HSSA and CSPA in his case, Plaintiff will prove the case of each member of the Class.

42. The certification of the Class will allow litigation of all claims, whereas individual litigation would prove economically prohibitive.

WHEREFORE, Plaintiff prays for relief as follows:

A. With respect to Claim One, rescission of the Agreement and a judgment against Service Experts in excess of $25,000, plus reasonable attorney's fees.

B. With respect to Claim Two, a judgment against Service Experts in excess of $25,000, plus reasonable attorney's fees.

C. With respect to Claim Three, certification of the Class, rescission of all agreements entered into by Service Experts and the Class members, compensatory damages to be determined, plus reasonable attorney's fees.

D. Any such other relief that the Court deems just and proper, including the costs of this action.

Respectfully submitted,

*/s/ Matthew C. Rambo*

Matthew C. Rambo (0079092)
matthew@freeburglaw.com
David A. Freeburg (0071054)
david@freeburglaw.com
Freeburg & Freeburg LLC

6690 Beta Drive, Suite 320
Mayfield Village, Ohio 44143
Telephone: (440)421-9181
*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff hereby requests a trial by jury as to all claims presented.

Matthew C. Rambo (0079092)

8

Melissa M. Tuttle, Clerk

Clark County Common Pleas Court
P.O. Box 1008
Springfield, Ohio 45501

9414 7266 9904 2154 8022 69



NEOPOST    FIRST-CLASS MAIL
06/11/2021
US POSTAGE $007.16⁰



ZIP 45502
041M11282317

21CV0163
Service Experts Heating & Air Conditioning LLC
Statutory Agent
Corporation Service Company
50 West Broad Street Suite 1330
COLUMBUS OH 43215